IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ETHEL OYEKUNLE-BUBU, | § |
| | § |
| Movant, | § |
| | § |
| V. | § NO. 4:25-CV-490-O |
| | § (NO. 4:20-CR-290-O) |
| UNITED STATES OF AMERICA, | § |
| | § |
| Respondent. | § |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Ethel Oyekunle-Bubu under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

On December 16, 2020, Movant was named in a second superseding indictment charging her with conspiracy to dispense and distribute or possess with intent to dispense and distribute, outside the scope of professional practice and not for a legitimate medical purpose, a mixture or substance containing a detectable amount of hydrocodone (count one), carisoprodol (count two), and promethazine with codeine (count three), in violation of 21 U.S.C. § 846, possession with intent to distribute and dispense hydrocodone (count seven), and carisoprodol (count twenty-two), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (E)(2), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (count twenty-four). CR ECF No.[1]  612. The Court

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-290-O.

granted the government's motion to dismiss count twenty-four. CR ECF No. 894. A jury convicted Movant on all remaining counts. CR ECF No. 926.

The Court sentenced Movant to a total term of imprisonment of 240 months. CR ECF No. 1791. She appealed. CR ECF No. 1815. Her attorney filed a motion to withdraw, CR ECF No. 1824, which was granted. CR ECF No. 1827. The United States Court of Appeals for the Fifth Circuit appointed the Federal Public Defender ("FPD") to represent Movant on appeal. CR ECF Nos. 1904, 1905. Movant raised seven issues on appeal and the Fifth Circuit affirmed. *United States v. Capistrano*, 74 F.4th 756 (5th Cir. 2023).

## II.   GROUNDS OF THE MOTION

Movant's motion reflects that she raises sixteen grounds for relief. ECF No.[2] 1 at 4.[3] The motion is supported by a declaration. ECF No. 4.

## III.   APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 24" reflected at the top right portion of the document on the Court's electronic filing system.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong

3

presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

Movant's grounds are set forth at pages 15, 16, and 17 of her motion. ECF No. 1 at 15–17. The grounds are wholly conclusory and unsupported. For example, in ground 1, Movant alleges that trial counsel "failed to investigate and present evidence that would have disproven key elements of the government's case," but fails to allege any facts to support such allegation. *Id.* at 15. One who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). One who alleges ineffective assistance of counsel must make a specific showing of how the errors or omissions were constitutionally deficient and how they prejudiced the movant's right to a fair trial. *United States v. Demik*, 489 F.3d 644, 646–47 (5th Cir. 2007); *Miller*, 200 F.3d at 282. None of the grounds raises a constitutional issue. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue").

Even if she had sufficiently alleged any ground for relief, it appears that most of them are procedurally barred as they should have been raised on appeal. *United States v. Vargas-Soto*, 35 F.4th 979, 993 (5th Cir. 2022). She has made no attempt to establish cause and prejudice. Her declaration that she is innocent of the crimes, ECF No. 4 at 1, does not meet the actual innocence

4

test. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the movant to support her allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

Finally, Movant's claims challenging conditions of confinement are not cognizable here. *See Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) (habeas corpus is not available to prisoners complaining of mistreatment during incarceration).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Movant's motion to hold proceedings in abeyance is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**ORDERED** on this **14th day** of **August, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**